## No. 14,781.

BEATTY AND ANOTHER AS THE QUARTZITE COMPANY
*v.* STIR.
(115 P. [2d] 644)

Decided June 9, 1941.

Mr. M. J. MAYES for plaintiffs in error.

Mr. ALLYN COLE, Mr. HUME S. WHITE, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

IN the district court defendant in error, herein designated as plaintiff, recovered a judgment in the amount of $1,000 and costs against plaintiffs in error, to whom

we herein refer as defendants, as damages for personal injuries. Defendants seek a reversal of the judgment, assigning a number of errors all of which raise but a single question, namely, whether the evidence is sufficient to sustain the judgment.

 Plaintiff was employed by defendants at Red Cliff, Eagle county, Colorado, principally as a bus driver, but he did other general work when not so engaged as he was directed by them. On February 24, 1939, he was, by their instructions, assisting in enlarging, by increasing its height, a doorway into a garage so that it would permit the storage of one of defendants' buses therein. An overhead door was installed. February 23 defendant H. H. Beatty and another employee, Earl Minnick, had worked on the job and had taken the door down and then replaced it. During this operation, when they removed the nuts from the bolts that held the door in place, they used a brace—a four by four timber that they had beveled on one end for that purpose—to keep it from falling. February 24, it being necessary again to remove the door owing to the fact that it had been improperly installed the day before, defendant H. H. Beatty, who personally was on the job and directing the employees, told plaintiff and Minnick to unscrew the nuts from the bolts supporting the door. Just before, or immediately after plaintiff finished removing the nut on a bolt on one side of the door, Beatty directed him to go and get some sawhorses that were in a truck across the street. Beatty did not direct either Minnick or plaintiff to use the supporting timber that had been prepared and used the day before. Neither did he put it in place himself. After plaintiff finished taking the nut off the bolt on his side of the door he started through the doorway to get the sawhorses as directed. Meanwhile Minnick had taken the nut off the bolt on the other side and, there being nothing to support it, the door fell striking plaintiff, knocking him down and causing an oblique fracture of the transverse process of the third lumbar

vertebrae on the left side. The extent of the injury, the length of plaintiff's disability, and the severity of his pain need not be here detailed because, if the jury could properly return a verdict for plaintiff, the evidence was sufficient to justify the amount of its finding.

It does not appear that the plaintiff was a carpenter or that either he or Minnick had had any experience in building-construction work. They were merely helpers doing what they were told by defendant H. H. Beatty, one of their employers, to do. That Beatty recognized and knew of the danger of the door falling is indicated by his prior use of a prop to support the door when he and Minnick the day before were performing the same operation. There was a conflict in the testimony as to whether plaintiff helped in the work of removing the door on the 23rd of February, but under the state of the evidence the jury well might have found that he did not.

Both at the close of the introduction of plaintiff's evidence, and at the conclusion of all the testimony, defendants, by motions for nonsuit and a directed verdict raised the question of the sufficiency of the evidence to support the allegations of the complaint. The trial Court denied the motions and submitted the case to the jury. We are of the opinion that his action in so doing was proper. The evidence was conflicting in many respects, but if there is competent evidence, which if believed by a jury will support a plaintiff's alleged cause of action, the resolution of such conflicts is exclusively for the jury.

Judgment affirmed.

MR. JUSTICE BAKKE, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.